Mr. James Kurtz-Phelan Legal Advisor to the Governor State of Colorado Executive Chambers Denver, Colorado 80203
Dear Mr. Kurtz-Phelan:
QUESTION PRESENTED AND CONCLUSION
You have requested an opinion on the following question:
Does a public trustee have either (a) the duty or (b) the authority, under C.R.S. 1973, 38-37-123(1)(a) as amended, to require an FHA approved mortgagee to submit to the trustee a letter from FHA stating that the lending institution is an FHA approved mortgagee and the public trustee is indemnified, in lieu of or in addition to a resolution to the same effect from the board of directors of the lending institution?
 In the absence of the cancelled original note, a public trustee has statutory discretion to release a deed of trust upon receipt of a resolution containing adequate indemnification or other statutorily specified evidence as a condition precedent to release of the deed.
ANALYSIS
C.R.S. 1973, 38-37-123(1) and subsections (a) and (b) thereof, as amended in 1979 by S.B. 274, read as follows:
 (1) Deeds of trust to the public trustee, upon compliance with the provisions of such deeds of trust, shall be released by the public trustee upon the request of the beneficiary, or assignee, of such trust deed, or the agent or attorney thereof, and upon the production of the original cancelled note as evidence that the indebtedness secured by said trust deed has been paid or that the purposes of said trust have been fully satisfied; but, if such note cannot be produced, the public trustee may accept one of the following in lieu thereof:
 (a) A certified copy of a resolution passed by the board of directors of a bank, as defined in section 11-1-102(2), C.R.S. 1973, industrial bank, as provided for in article 22 of title 11, C.R.S. 1973, savings and loan association licensed to do business in Colorado, federal housing administration approved mortgagee, or federally chartered credit union or state-chartered credit union, as defined in section 11-30-101, C.R.S. 1973, operating in Colorado or an affidavit executed by any agency of the federal government or by any federally created corporation which originates, guarantees, or purchases loans in a form acceptable to the public trustee indemnifying the public trustee from any and all damages as the result of issuing such release; or the public trustee may reject any resolution or affidavit if the public trustee determines that indemnification is not sufficient; or
 (b) Evidence of a savings account, deposit, or certificate of deposit meeting the requirements of section 11-35-101, C.R.S. 1973, or a corporate surety bond issued by a reputable bonding company with the public trustee as obligee, conditioned against the delivery of any such promissory note to the damage of the public trustee and in a sum equal to the original principal amount recited in said trust deed.
C.R.S. 1973, 38-37-123(1) establishes several methods by which a deed of trust may be released if the cancelled note cannot be produced. The statute states that a public trustee "may" accept one of the following: (1) a resolution granted by the board of directors of a specified lending institution ("resolution"); (2) an affidavit executed by any agency of the federal government or an appropriate federally created corporation ("affidavit"); or (3) evidence of savings account, certificate of deposit or a corporate surety bond ("savings account-surety bond").
The statute vests broad discretion in a public trustee by stating that he "may" accept a resolution, affidavit or savings account-surety bond in lieu of the original cancelled note. However, if one of those three is offered and it meets the specific statutory requirement, the public trustee cannot refuse to accept it for such refusal would amount to an arbitrary and capricious action, and an abuse of discretion.
Each of the alternative documents that are described by the statute has its own particular requirements. For example, for a resolution to be acceptable, it must be a certified copy of the resolution, it must have been passed by the board of directors of a specified lending institution, and it must sufficiently indemnify the public trustee.
Your question assumes that a resolution has been submitted to a public trustee in place of a lost cancelled note. If a certified copy of a resolution passed by the board of directors of a specified lending institution is offered in place of a cancelled note which cannot be produced, a public trustee has the discretion to determine whether the resolution is adequate indemnification. If the resolution is adequate indemnification for the trustee, the trustee may not then require an affidavit from FHA.
If the resolution provided inadequate indemnification, a public trustee would have the authority to require that an affidavit be submitted if the person seeking release of the deed of trust did not want to proceed under C.R.S. 1973, 38-37-123(1)(b).
Assuming then that the resolution contains indemnification which the public trustee finds sufficient, that public trustee would have neither the duty nor the authority to require an affidavit either in lieu of or in addition to the resolution.
On the other hand, assuming the resolution provides insufficient indemnification as determined by the public trustee, he then has the authority and the duty to require an affidavit or
evidence of a savings account, certificate of deposit or a corporate surety bond as a statutory condition precedent to releasing the deed of trust.
SUMMARY
Although the language of section 1 states that a public trustee "may" accept either a resolution, an affidavit, evidence of a savings account or certificate of deposit, or a corporate surety bond, a public trustee cannot act in an arbitrary and capricious manner in refusing to accept one of the specified alternatives, so long as it meets the statutory requirements.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC OFFICERS TRUSTEES MORTGAGES AND FORECLOSURES
C.R.S. 1973, 38-37-123(1)
EXECUTIVE BRANCH Governor, Office of
In the absence of the cancelled original note, a public trustee has statutory discretion to release a deed of trust upon receipt of a resolution containing adequate indemnification or other statutorily specified evidence as a condition precedent to release of the deed.